IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SCOTT KIRKLAND, | : |
| | : |
|       Plaintiff, | : |
| VS. | : |
| | :   NO. 5:15-CV-340-MTT-MSH |
| GEORGIA DEPARTMENT OF | : |
| CORRECTIONS, *et al.*, | : |
| | : |
|       Defendants. | : |
| _____ | : |

## ORDER

*Pro se* Plaintiff Scott Kirkland, who is confined at the Baldwin State Prison in Hardwick, Georgia, filed a complaint under 42 U.S.C. § 1983 but did not pay the filing fee or file a proper motion to proceed without the prepayment of the filing fee. Accordingly, the United States Magistrate Judge directed Plaintiff to submit a certified copy of his prisoner trust fund account statement or similar certified documentation from the prison. Plaintiff was warned that his failure to comply with the Magistrate Judge's Order would result in dismissal of Plaintiff's action. Plaintiff was further advised that if he no longer wished to proceed with this action, he should notify the Court. Plaintiff was given twenty-one (21) days to comply with the Court's Order. (Order 1-2, Sept. 18, 2015, ECF No. 8.)

After the Magistrate Judge entered his Order, Plaintiff submitted a number of documents to the Court, but he did not submit the trust fund account information as ordered by the Court. Plaintiff did submit one document in which he stated he was

having difficulty "obtaining the necessary paperwork to file in forma pauperis pro-se," and he requested additional copies of the Court's standard forms for proceeding *in forma pauperis*. (Letter 1, Oct. 19, 2015, ECF No. 24.) The Clerk's office sent Plaintiff the proper forms on October 19, 2015. Plaintiff also filed a "motion for time extension" (ECF No. 16) that the Magistrate Judge liberally construed as a request for an extension of time to respond to the Court's previous order requiring Plaintiff to submit his prison trust fund account information. The Magistrate Judge granted Plaintiff's motion and allowed Plaintiff an additional fourteen days to pay the required filing fee or submit a proper and complete motion to proceed without the prepayment of the filing fee, to include a certified copy of Plaintiff's prison trust fund account statement. Plaintiff was again advised that failure to fully and timely comply with the Court's Order would result in dismissal of his Complaint; Plaintiff was also reminded of his obligation to notify the Court of any change of address. (Order 1-2, Nov. 10, 2015, ECF No. 25.)

When the Plaintiff still failed to comply within the fourteen additional days permitted by the Magistrate Judge, the Magistrate Judge ordered Plaintiff on December 11, 2015 to respond and show cause why his lawsuit should not be dismissed for failure to comply with the Court's orders and instructions. Plaintiff's response was due within twenty-one (21) days of the date of the Order, and Plaintiff was advised that failure to respond would result in dismissal of his Complaint for failure to comply. (Order 1-2, Dec. 11, 2015, ECF No. 26.)

The time for responding to the Show Cause Order has passed, and Plaintiff has still failed to file a prison trust fund account statement as ordered by the Magistrate

Judge.  Accordingly, because of Plaintiff's failure to pay the required filing fee, failure to comply with the Court's instructions and orders, and failure to otherwise diligently prosecute this action, his Complaint shall be **DISMISSED without prejudice**.  *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).  All pending motions are **DENIED as moot.**

        **SO ORDERED**, this 21st day of January, 2016.

                      S/ Marc T. Treadwell
                      MARC T. TREADWELL, JUDGE
                      UNITED STATES DISTRICT COURT